IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) EQUAL EMPLOYMENT<br>     OPPORTUNITY COMMISSION, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No.  CIV-22-499-C |
| | )<br>) | |
| (1) EMPLOYBRIDGE OF DALLAS,<br>    INC., d/b/a RESOURCEMFG | )<br>)<br>) | |
| | )<br>) | |
| Defendant. | ) | Demand for Jury Trial |

# COMPLAINT

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin and to provide appropriate relief to Anke Hicks (formerly Anke Maxwell), a German-born naturalized U.S. citizen, who was adversely affected by such practices. As alleged with greater particularity below, Defendant Employbridge of Dallas, Inc., d/b/a ResourceMFG failed or refused to employ and/or to refer for employment Ms. Hicks because of her national origin.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

1

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3), because the alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Oklahoma.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant is Employbridge of Dallas, Inc., a foreign for-profit corporation doing business as ResourceMFG ("Defendant" or "ResourceMFG"), a staffing company within the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e(c).

6. At all relevant times, ResourceMFG has been doing business in the State of Oklahoma and the City of Oklahoma City, and has continuously had at least fifteen (15) employees.

7. At all relevant times, ResourceMFG has been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Anke Hicks filed a timely charge of discrimination (Charge No. 564-2020-00982) with the Commission. Hicks's charge alleged violations of Title VII by ResourceMFG.

9. The Commission sent ResourceMFG timely notice of Hicks's charge.

10. On September 14, 2021, the Commission issued to ResourceMFG a Letter of Determination finding reasonable cause to believe that ResourceMFG violated Title VII.

11. The Letter of Determination invited ResourceMFG to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

12. The Commission engaged in communications with ResourceMFG to provide ResourceMFG the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from ResourceMFG a conciliation agreement acceptable to the Commission.

14. On December 17, 2021, the Commission issued a Notice of Failure of Conciliation to ResourceMFG.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

**STATEMENT OF FACTS**

16. On February 27, 2020, Anke Hicks, a German-born naturalized U.S. citizen, went to ResourceMFG's Oklahoma City office on a walk-in interview day to inquire about placement at one of ResourceMFG's clients.

17. Hicks was assigned to a ResourceMFG recruiter who interviewed Hicks and advised her that she would be a good fit for placement in a "temp-to-hire" position with XPO Logistics Inc. ("XPO"), a client of ResourceMFG and a U.S. government contractor. Hicks then completed an application and new hire paperwork for XPO for a first-shift Warehouse Specialist position.

18. Pursuant to its U.S. government contract, XPO required that temporary and permanent employees be U.S. citizens. There was not, however, a requirement that employees be born in the United States.

19. ResourceMFG's recruiter instructed Hicks to produce identification and other necessary documents, including her U.S. birth certificate, in support of her application. Hicks stated that, as a naturalized citizen who was born in Germany, she did not have a U.S. birth certificate, but did have documents to show she is a U.S. Citizen.

20. The recruiter responded that XPO is a government-contracted company and claimed that, as such, XPO only hires people who were born in the United States. She then told Hicks that Hicks could not be employed at XPO because, although she is a U.S. citizen, she was not born in the United States.

21. After informing Hicks that she was not qualified for the XPO job because she was born in Germany, the recruiter told Hicks to "go home" and that she would

contact Hicks if she identified other positions with other clients for which Hicks was qualified.

22. Later that day, the same recruiter called Hicks and attempted to offer her a third shift opening at a different ResourceMFG client. However, Hicks had already told the recruiter that she had a conflict and could not work a third shift. During this call, Hicks asked the recruiter about the first shift position at XPO, and the recruiter told Hicks that it had been filled and was no longer available. Before receiving notice of Hicks's EEOC charge of discrimination, ResourceMFG did not contact Hicks again about any job assignment opportunities.

23. The same day, February 27, 2020, Hicks called ResourceMFG's corporate office call center and complained that she had been denied a job placement because of her national origin. During this call, at least one ResourceMFG employee told Hicks that she had been properly rejected for a position with XPO pursuant to company policy. Hicks then asked to speak to the manager of the Oklahoma City ResourceMFG Office, but was told that the Oklahoma City manager was unavailable to speak with her.

24. On February 28, 2020, Hicks again called the call center and requested to speak to Defendant's Oklahoma City Office manager to discuss the basis for her rejection for placement at XPO, but was again told that the manager was unavailable to speak with her.

25. In a February 28, 2020, e-mail from Jennifer Quinton, manager of ResourceMFG's Oklahoma City Office, to Alex Figueroa, ResourceMFG's Sr. Director of NPG Ops, Quinton stated, "We have had an inquiry from an associate regarding XPO

(Anke Maxwell …)'s birth certificate requirement. She feels she needs something in writing regarding her not meeting requirements because she was not born in the United States. Is there something that we have from XPO showing these requirements? She is persistently upset . . . She is requesting something in writing." In response, Figueroa told Quinton, "…this location is a government site, if so, that has always been their requirement…" A true and correct copy of this e-mail exchange is attached as Exhibit 1 to this Complaint.

## STATEMENT OF CLAIM

### (National Origin – Failure or Refusal to Hire/Refer for Employment)

26. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

27. Hicks is a German-born naturalized United States citizen.

28. On or about February 27, 2020, Defendant engaged in unlawful employment practices at its Oklahoma City office in violation of Section 703(b) of Title VII, 42 U.S.C. §2000e-2(b) and 29 C.F.R. § 1606.1, by failing or refusing to refer to XPO for employment - or, alternatively, by not hiring and/or otherwise discriminating against - Hicks, on the basis of her national origin.

29. Defendant unlawfully deprived Anke Hicks of equal employment opportunities and otherwise adversely affected her status as an applicant and employee because of her national origin, German, in violation of 42 U.S.C. §2000e, *et seq*.

30. As a direct and proximate result of Defendant's discriminatory conduct, Hicks suffered actual damages including but not limited to losses in compensation and

benefits, medical expenses, inconvenience, financial hardship, anxiety, emotional distress and suffering, and loss of enjoyment of life.

31.    The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally-protected rights of Anke Hicks.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Issue a permanent injunction enjoining Defendant, its subsidiaries, related entities, officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in unlawful employment practices which discriminate on the basis of national origin, in violation of 42 U.S.C. § 2000e.

B.    Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for otherwise qualified non-U.S.-born workers and eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Anke Hicks whole by providing appropriate back pay, lost benefits, and prejudgment interest, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices.

D.    Order Defendant to make Anke Hicks whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make Anke Hicks whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, stress, anxiety, depression, loss of enjoyment of life, inconvenience, embarrassment and humiliation, in amounts to be determined at trial.

  F. Order Defendant to pay Anke Hicks punitive damages for its malicious and reckless conduct as described above, in an amount to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

ANDREA G. BARAN
Regional Attorney

LAUREN W. JOHNSTON
Acting Supervisory Trial Attorney

s/ PATRICK J. HOLMAN
Patrick J. Holman
OBA No. 21216
Trial Attorney,
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Oklahoma City Area Office,
215 Dean A. McGee Ave. Ste 524
Oklahoma City, OK 73102
Office Phone: (405) 666-0374
Mobile Phone: (405) 815-7303
E-Mail: patrick.holman@eeoc.gov

**ATTORNEYS FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**