IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EMPLOYBRIDGE OF DALLAS, INC. ) <br> d/b/a RESOURCEMFG ) <br> ) <br> Defendants. ) | Case No. 5:22-CV-00499-C |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Employbridge of Dallas, Inc. d/b/a ResourceMFG ("Defendant"), by and through its attorneys Duane Morris LLP, files its Answer to Plaintiff Equal Employment Opportunity Commission's ("Plaintiff") Complaint, and in support, states as follows. The paragraph numbers and format below correspond to the paragraph numbers of the Plaintiff's Complaint:

**JURISDICTION AND VENUE**

1. Defendant admits that Plaintiff purports to invoke the jurisdiction of this Court pursuant to the cited statutes.

2. Defendant admits that Plaintiff purports to institute the instant lawsuit pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Defendant admits that venue is proper in this judicial district, but denies that it engaged in unlawful employment practices.

## PARTIES

4. Defendant admits that Plaintiff is an agency of the United States of America. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

5. Defendant admits that it is a for-profit Georgia corporation doing business as ResourceMFG. Paragraph 5 of the Complaint contains conclusions of law to which no response is required. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits it has been doing business in the State of Oklahoma and the City of Oklahoma City, and has had over fifteen (15) employees in the United States. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7. Defendant admits it is an employer. Paragraph 7 of the Complaint contains conclusions of law to which no response is required. To the extent further response is required, Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

## ADMINISTRATIVE PROCEDURES

8. Defendant admits that Ms. Hicks filed a charge of discrimination with Plaintiff more than 30 days' prior the institution of this lawsuit and that the charge alleged that Defendant violated Title VII. Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff sent it notice of Ms. Hicks' charge. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant admits that on September 14, 2021, Plaintiff issued a Letter of Determination to Defendant, purporting to have found reasonable cause to believe that Title VII was violated.

11. Defendant admits that Plaintiff invited it to join in informal methods of conciliation to attempt to eliminate alleged discriminatory practices and provide appropriate relief.

12. Defendant admits that Plaintiff and Defendant engaged in communications to discuss the alleged discriminatory practices described in the Letter of Determination, as well as remedies thereto and a possible resolution of the dispute.

13. Defendant admits that Plaintiff advised it that Plaintiff was unable to secure a conciliation agreement acceptable to the Commission from Defendant.

14. Defendant admits that on December 17, 2021, the Commission issued to Defendant a letter purporting to be notice to Defendant that efforts to conciliate certain charges as required by Title VII of the Civil Rights Act of 1964 had been unsuccessful, that no further efforts to conciliate the charges would be made, and that the charge was being transferred to Plaintiff's legal unit for possible litigation.

15. Paragraph 15 of the Complaint contains conclusions of law to which no response is required. To the extent further response is required, Defendant denies the allegations in Paragraph 15 of the Complaint.

## STATEMENT OF FACTS

16. Defendant admits that Ms. Hicks visited Defendant's Oklahoma City office on a walk-in interview day that occurred on February 27, 2020. Defendant is without

sufficient information to admit or deny that Ms. Hicks is a German-born naturalized U.S. citizen. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant admits that Ms. Hicks was assigned to one of Defendant's recruiters and that the recruiter mentioned an available "temp-to-hire" position with XPO Logistics, Inc. ("XPO"). Defendant admits that Ms. Hicks completed an application for the position with XPO. Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendant admits that XPO indicated that it requires temporary and permanent employees be United States citizens. Defendant is without sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 18 of the Complaint.

19. Defendant admits that the recruiter instructed Ms. Hicks to produce identification and other necessary documents in support of her application. Defendant denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits that XPO is a government-contracted company. Defendant denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that the recruiter called Ms. Hicks to notify her about an opening with another employer. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits that Ms. Hicks called Defendant's corporate office call center on February 27, 2020. Defendant denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits that Ms. Hicks called Defendant's corporate office call center on February 28, 2020. Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

## STATEMENT OF CLAIMS

26. Defendant incorporates its responses to the allegations of Paragraphs 1-25 as if fully restated herein.

27. Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to the relief prayed for herein. Defendant denies every remaining allegation in the Complaint that has not been separately and specifically denied.

## JURY TRIAL DEMANDED

Defendant demands a jury trial as to all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

In addition to the admissions, denials, and other responses set forth above, Defendant also asserts the following affirmative and other defenses. In pleading these defenses, Defendant does not assume any burdens of production or proof that it would not otherwise have. Further, Defendant specifically reserves the right to raise any and all counterclaims and additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

## FIRST DEFENSE

The claims asserted by Plaintiff are barred in whole or in part for failure to state a claim upon which relief can be granted.

## SECOND DEFENSE

The claims asserted by Plaintiff are barred in whole or in part and/or this Court lacks jurisdiction over one or more of the claims alleged in the Complaint to the extent that Plaintiff has failed to comply with jurisdictional prerequisites for commencing this action.

## THIRD DEFENSE

To the extent that claims asserted by Plaintiff arose more than 300 days before the first charge was filed, such claims are time barred by the statute of limitations.

## FOURTH DEFENSE

To the extent that claims asserted by Plaintiff are based on acts that occurred prior to any applicable statute of limitations, such claims are time barred.

**FIFTH DEFENSE**

The claims asserted by Plaintiff are barred in whole or in part because the allegedly aggrieved individual failed to provide Defendant with notice of inappropriate behavior and because, when properly notified, Defendant exercised reasonable care to prevent and correct promptly any alleged behavior, and the allegedly aggrieved individual unreasonable failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

**SIXTH DEFENSE**

To the extent Plaintiff alleges that any of Defendant's employees acted in an unlawful manner, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not authorized or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

**SEVENTH DEFENSE**

The claims asserted by Plaintiff are barred in whole or in part because any alleged employment acts or omissions of Defendant were undertaken for legitimate, non-discriminatory, and non-pretextual reasons.

**EIGHTH DEFENSE**

Defendant has acted in good faith and established and complied with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices as required by law. Plaintiff's claims for punitive damages are therefore barred.

## NINTH DEFENSE

The claims asserted by Plaintiff are barred in whole or in part because it seeks relief for discrete acts which cannot fall within the continuing violation doctrine and are therefore time barred.

## TENTH DEFENSE

The claims asserted by Plaintiff are barred in whole or in part by the doctrine of laches because such claims have been waived, discharged, and/or abandoned.

## ELEVENTH DEFENSE

The claims asserted by Plaintiff for damages are barred in whole or in part to the extent that Ms. Hicks failed to exercise reasonable efforts to mitigate any alleged damages.

## TWELFTH DEFENSE

Any damages should be set off against amounts received by Ms. Hicks for any interim earnings

## THIRTEENTH DEFENSE

The claims asserted by Plaintiff for damages are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in 42 U.S.C. § 1981a(b)(3) for claims under Title VII.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiff's Complaint in its entirety and AWARD Defendant its reasonable costs, expenses, and any and all other relief the Court deems just and proper.

DATED: October 18, 2022.

Respectfully submitted,

By: *Gerald L. Maatman, Jr.*

Gerald L. Maatman, Jr.
Illinois Bar No. 6181016
Jennifer A. Riley
Illinois Bar No. 6272366
DUANE MORRIS LLP
190 South LaSalle Street
Suite 3700
Chicago, IL 60603-3433
Telephone:  312.499.6710
Facsimile:  312.279.6780
Email: gmaatman@duanemorris.com
         jariley@duanemorris.com

Benton T. Wheatley, OK Bar No. 14836
Emilee N. Crowther, OK Bar No. 33731
DUANE MORRIS LLP
900 South Capital of Texas Highway
Suite 300
Austin, TX 78746
Telephone:  512.277.2262
Facsimile:  512.233.1794
Email: btwheatley@duanemorris.com
         encrowther@duanemorris.com

-and-

Kurt Rupert, OBA No. 11982
Hartzog Conger Cason, LLP
201 Robert S. Kerr Avenue,
Suite 1600
Oklahoma City, Oklahoma 73102
Telephone: 405.235.7000
Facsimilie: 405.996.3403
krupert@hartzoglaw.com

**ATTORNEYS FOR DEFENDANT EMPLOYBRIDGE OF DALLAS, INC. d/b/a RESOURCEMFG**

# CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System, including but not limited to:

    Patrick J. Holman
    Equal Employment Opportunity Commission
    Oklahoma City Area Office
    215 Dean A. McGee Ave. Ste. 524
    Oklahoma City, OK 73102

    **ATTORNEYS FOR PLAINTIFF**

                              s/ *Gerald L. Maatman, Jr.*
                                Gerald L. Maatman, Jr.